# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) Civil Action No. 2: 18-cv-1130 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Chief United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| MS. RHONDA A. HOUSE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before the Court are Defendants' Joint Motion to Consolidate, with brief in support (ECF Nos. 25 and 26), Plaintiff's brief and response in opposition to the motion (ECF Nos. 39 and 41), and Defendants' Reply Brief (ECF No. 42). Defendants seek to have the instant case consolidated with Civil Action No. 16-cv-1081. For the reasons set forth below, the Court will grant the motion.

### Background

The instant prisoner civil rights case was removed by Defendants Correct Care Solutions, LLC; Dr. Jay Cowan, Mathew Miceli, Dr. Byunghak Jin, and Darla Cowden, on August 27, 2018, from the Court of Common Pleas of Fayette County. The case involves allegations by Plaintiff, Alton D. Brown, regarding ongoing medical treatment for his prostate cancer. Specifically, Brown alleges that he was transferred from SCI-Greene to SCI-Fayette on August 9, 2017, "for the sole purpose of sabotaging his attempts to obtain medical care for prostate cancer and other serious illnesses . . . ."

In reviewing the Complaint in this case, it is apparent that the allegations pick up chronologically where the allegations in Civil Action No. 16-cv-1081, which is a pending case, end. In 16-cv-1081, Plaintiff alleges that on January 21, 2016, while he was housed at SCI-

Fayette, he was informed of a prostate cancer diagnosis by Dr. Alpert, who told him that they wanted to prescribe a pill, but wanted to conduct a biopsy first. According to the Complaint, he was denied "information as is reasonably necessary to make an informed and prudent decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available . . ." Complaint at ¶ 23. He further alleges, *inter alia*, that Defendants have sabotaged his nutritional supplements, medications, and appointments, as well as falsified medical records, all in an attempt to cause him stress to speed the worsening of his cancer and weaken his immune system.

In both cases, Plaintiff brings claims of retaliation, denial of informed consent, denial of access to courts, medical torture/ abuse, and denial / interference with medical care. Additionally, more than a dozen of the same defendants are named in the two complaints, and the same relief is sought in both cases - all which pertains to the medical treatment for Plaintiff's prostate cancer.

<u>Legal Standard</u>

Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42(a) of the Federal Rules of Civil Procedure as a matter of convenience and economy in judicial administration. *In re Community Bank of N. Virginia,* 418 F.3d 277, 298 n.12 (3d Cir. 2005). Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

FRCP 42(a). "The purpose of consolidation is 'to streamline and economize pretrial proceedings

so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues. *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (quoting *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 158 F.R.D. 562, 571 (S.D.N.Y. 1994)). The moving party bears the burden of proof on a motion for consolidation.

A common question of law or fact shared by all of the cases is a prerequisite for consolidation. When exercising its broad discretion as to whether consolidation is appropriate, the court must balance the potential for prejudice, expense, or confusion against the benefits of judicial economy. *Easterday v. Federated Mut. Ins. Co.,* Civil Action No. 14-1415, 2015 WL 1312684, at *2 (E.D.Pa. Mar. 24, 2015).

Discussion

Defendants have met their threshold burden of demonstrating that questions of law and fact are common to each case as both cases involve Plaintiff's medical complaints stemming from his diagnosis of prostate cancer and his ongoing medical care, regarding the same period of time. The same medical evidence will be determinative in both cases. Because there exist common questions of law or fact, the Court must now balance the advantages and disadvantages of consolidation.

The Court finds that Defendants' arguments for consolidation far outweigh Plaintiff's arguments against consolidation. There is no prejudice in consolidating the cases as both cases are in their early pleading stages. In the instant case, Defendants have recently accepted service and have yet to respond to the Complaint. In 16-cv-1081, Defendants filed motions to dismiss and the briefing schedule has been held in abeyance pending resolution of the motion for

consolidation. Further, in both cases, Plaintiff has requested prospective, injunctive relief pertaining to his prostate cancer treatment.

After careful consideration, the Court concludes that the allegations in 18-cv-1130 and 16-cv-1081 are such that the evidence in both cases will significantly overlap. Both cases involve the same medical records, concerning the same patent, regarding the same time period. Thus, consolidation of these actions would conserve the resources of the parties and the limited resources of the Court, and will not prejudice any party. There is no sound reason why these two cases should not be consolidated. Accordingly, the motion will be granted.

## **ORDER**

**AND NOW**, this 12th day of February, 2019, upon consideration of Defendants' Joint Motion to Consolidate, it is hereby **ORDERED** that said motion is **GRANTED**. The Clerk shall consolidate Civil Action No. 18-cv-1130 into Civil Action No. 16-cv-1081 and then Civil Action No. 18-cv-1130 shall be marked "closed." All future filings shall be at Civil Action No. 16-cv-1081.

    /s Cynthia Reed Eddy
    Cynthia Reed Eddy
    Chief United States Magistrate Judge

cc:     ALTON D. BROWN
    DL-4686
    SCI Fayette
    48 Overlook Drive
    LaBelle, PA 15450-1050
    (via U.S. First Class Mail)

    All Counsel of Record (16-cv-1081 and 18-cv-1130)
    (via ECF electronic notification)